CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

OMAR DEMETRIOUS PEARSON )
ON BEHALF OF HIMSELF AND ALL )
OTHERS SIMILARLY SITUATED, )
      Plaintiff(s), )     **Civil Action No. 7:08-cv-00067**
       )
v. )     **MEMORANDUM OPINION**
       )
STATE OF NORTH CAROLINA, et. al., )     **By: Hon. James C. Turk**
      Defendants. )     **Senior United States District Judge**

Plaintiff Omar Demetrious Pearson, a North Carolina inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Pearson complains that since 1995, Lexis Publishing has issued incorrect versions of a North Carolina criminal statute under which he was convicted. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant 28 U.S.C. §1915A(b)(1) as legally frivolous.[1]

In his complaint, Pearson sues the State of North Carolina, Michael F. Easley (Governor of North Carolina), Lexis Publishing, and Nancy S. Nash, on behalf of himself and others similarly situated. He claims that the defendants

> in a conspiracy did publish North Carolina Criminal Procedure Legal Manuals Editions 1995 through 2008 that incorrectly state [N. C. Gen. Stat.] 14-7.1 by substituting the statute's essential elements with elements from habitual felon declaration. . . . Class has been convicted of violating habitual felon declaration. No rational reason exist [sic] for class's differential treatment by government.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

Complaint, p. 3. As relief in this lawsuit, Pearson seeks "summary judgment for court costs and attorney fees and an injunction recalling all editions of the North Carolina Criminal Procedure issued from 1995 through 2008." Finally, he seeks an injunction ordering the North Carolina Innocence Inquiry Commission to investigate actual innocence claims by Pearson and six other listed inmates.[2]

The court finds no grounds on which this court has jurisdiction over Pearson's claims. He alleges no facts indicating that the case and controversy against Lexis and the other defendants arose within the jurisdiction of the Western District of Virginia or demonstrating how this court would have personal jurisdiction over any of the individual defendants. International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) (finding that if defendant is not present in state where suit is filed, plaintiff must prove defendant had minimum contacts with that state such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'"). Moreover, Pearson fails to allege any facts whatsoever in support of his claim that the statute as it appears in the Lexis publication is different than the statute as enacted by the North Carolina legislature or published in other editions of the North Carolina criminal procedure statutes. See, e.g., Hagans v. Lavine, 415 U.S. 528, 556-57 (1974) (district court has no jurisdiction over federal claims that are wholly insubstantial or obviously frivolous). Therefore, the court finds that the complaint must be dismissed without prejudice, pursuant to §1915A(b)(1), as legally frivolous. An appropriate order shall be entered this day.

------------

[2]To the extent that Pearson seeks to litigate on behalf of other pro se inmates, his request must be denied. The court cannot certify a class in an action where a pro se litigant seeks to represent the interests of the class. Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). The court also cannot allow the listed inmates to proceed as joint plaintiffs in the lawsuit, as they did not sign the complaint.

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This ___25th___ day of February, 2008.

_____

Senior United States District Judge